MICHAEL ARCHER vs. JAMES B. DOUGLASS et al.

On a motion by defendant for leave to plead a release under seal in full, in bar of the action of plaintiff after the cause has been noticed for trial at three circuits, and it appears the defence sought to be interposed by such release is merely technical; it will be denied with costs.

*Motion by defendants for leave to amend the plea of said defendants, interposed in this cause by pleading a release (executed by plaintiff to the defendant Douglass,) in bar of the action.*—It appears on the part of defendant Douglass, that he has a full release under seal from plaintiff for the demand in this suit, which was executed in June, 1842; it was in his possession until a few days before the October circuit, 1844, at which this cause was to be tried, when he enclosed it to his attorneys at Albany, to produce and prove on the trial. The attorneys for defendants were ignorant of such release until they received it from defendant. They had pleaded to the action, (which was debt on bond,) the general issue and given notice of special matter. They now move to be permitted to plead the release in bar of the action as to defendant Douglass. Plaintiff shows that this action is brought on a bond of indemnity, given by defendants to plaintiff, as sheriff of Albany, for levying on certain goods. In a former suit against plaintiff, and a partner of one of the present defendants, for levying on said goods, the release mentioned by defendant Douglass at the request of said partner, was executed on the trial, for the purpose of using Douglass as a witness; and he was accordingly used as a witness on that trial, which resulted in a verdict and judgment against plaintiff and the other defendant, whose name is Van Vliet. Plaintiff has since settled the same. The issue was joined in this cause in November, 1843, and has been noticed at three different circuits for trial, and put over each time by defendants. Plaintiff also shows that defendant Douglass was not at the time of executing the release by plaintiff, to him as aforesaid, a person of any pecuniary responsibility; and is not at the present time.

I. HARRIS, *Defts Counsel.*     HARRIS AND SHEPARD, *Defts Attys.*

S. STEVENS, *Plffs Counsel.*     CAGGER AND STEVENS, *Plffs Attys.*

NELSON, Chief Justice.—Held that the defence was merely technical, and after such a lapse of time he should refuse to let in the amended plea.

*Decision.*—Motion denied with costs of opposing motion, and of the last circuit.